# In the United States Court of Federal Claims

(Pro Se)

| | | |
|---|---|---|
| RUBY CHRISTINE KIESLING,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 26-1605<br>(Filed: October 29, 2026) |

Ruby Christine Kiesling, pro se, Jacksonville, AR, for Plaintiff.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Ruby Christine Kiesling, proceeding pro se, filed this action on October 23, 2026, claiming the government breached a contract between her, as an individual, and the Defense Logistics Agency and Global Logistics Corporation. Compl., Dkt. No. 1. Based on this alleged breach, Ms. Kiesling claims she is entitled to $14 trillion in damages. Id. For the following reasons, the Court finds it lacks subject-matter jurisdiction and must dismiss the complaint.

## BACKGROUND

In her complaint, Ms. Kiesling describes the subject of the alleged contract between herself and the government as including "research-and-development activities" involving "the development of antibodies and pharmaceutical products" intended to "cure certain worldwide diseases, cancers, and viral infections." Id. ¶¶ 15, 21–22; see also id. ¶ 24 (describing the contract as involving "DNA sequencing for development of Cure, enabling cloning and viable product"). Ms. Kiesling also attached to her complaint a number of documents related to the alleged contract including a purported "Letter of Intent" between "Global Logistics" and Ms. Kiesling which contemplated that she would develop "antibodies known to 'cure' certain World-Wide diseases, cancers, and viral infections." Pl.'s Ex. A, at 1, Dkt. No. 1-2. In exchange, Ms. Kiesling would receive $1 trillion, a "2020 Ferrari SF90 Stradale," pardons for Ms. Kiesling and two other individuals, Alaskan oil royalties, a company plane, diplomatic immunity, recognition for element 119 (a heretofore hypothetical chemical element that has never been synthesized or discovered), two aerial piloted drones, thirteen personal aerial jetpacks, and more. Id. at 1–7.

As evidence of performance, Ms. Kiesling attached a "Case Management Memorandum" which claims that she developed antibodies for cancer, HIV, Hepatitis C, and COVID-19. Pl.'s

Ex. B1, at 1. Ms. Kiesling also attached screenshots of messages between herself and a "Todd S." which presumably were intended as further proof of the alleged contract. Pl.'s Exs. C–DD. In another attachment to the complaint which purports to be a Freedom of Information Act Request, Ms. Kiesling requested that the government, among other things, produce a Defense Logistics Agency badge "commensurate with [her] position as 'Overseer'," "[p]roduce a PHD for Ruby Christine Kiesling at any major University of College," and "[p]rovide for [plaintiff]'s national recognition as the original and true developer of the 'cure' on television." Pl.'s Ex. B6.

## DISCUSSION

Pursuant to the Tucker Act, the subject-matter jurisdiction of this Court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." Rick's Mushroom Serv. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). A plaintiff, therefore, "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Pleadings submitted by a pro se plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and are "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, a pro se plaintiff still bears "the burden of establishing jurisdiction by a preponderance of the evidence." Roman v. United States, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013)).

"As a general rule, if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the [Court of Federal Claims] to decide whether the claim has merit." Columbus Reg'l Hospital v. United States, 990 F.3d 1330, 1341 (Fed. Cir. 2021) (collecting cases). "The exception is when the plaintiff's allegations are frivolous, wholly insubstantial, or made solely for the purpose of obtaining jurisdiction." Id. "Allegations of subject matter jurisdiction, to suffice, must satisfy a relatively low standard—must exceed a threshold that 'has been equated with such concepts as essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit.'" Boeing Co. v. United States, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (citation modified) (quoting Shapiro v. McManus, 577 U.S. 39, 45–46 (2015)).

In this case, the allegations in Ms. Kiesling's complaint fail to clear that low bar. Ms. Kiesling's assertions that she, as an individual, entered a $14 trillion contract with the federal government to cure cancer, HIV, hepatitis-C, and COVID-19, and discover an as yet hypothetical chemical element are purely fanciful. The documents and text messages attached to

the complaint do not substantiate the claims but provide further confirmation that the allegations are not based in reality. Such allegations are insufficient to establish jurisdiction in this court. Therefore, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(h)(3). Accord Kiesling v. United States, No. 4:2022-cv-00354, (E.D. Ark. Apr. 20, 2022) (dismissing a substantially similar complaint as "nonsensical" and "frivolous").

## CONCLUSION

For the foregoing reasons, Ms. Kiesling's complaint is **DISMISSED without prejudice**. Ms. Kiesling's motion for leave to proceed in forma pauperis, Dkt. No. 2, is **GRANTED** for purposes of disposing of this claim. The Clerk is direct to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge